# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOHN GARRETT SMITH,

    Petitioner,

v.

RON HAYNES,

    Respondent.

CASE NO. 3:19-CV-5394-RBL-DWC

ORDER TO STAY THE CASE

Before the Court is Petitioner John Garrett Smith's federal habeas Petition and Motion for Court to Enforce Simple Law and Order Revelation of Discovery. *See* Dkt. 7, 20. On November 13, 2019, the Court received a letter from the United States Supreme Court stating Petitioner had filed a petition for a writ of certiorari in this case. Dkt. 23.

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay

proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).

Here, Petitioner has filed an interlocutory appeal with the Ninth Circuit and the Supreme Court. Dkt. 18, 23. Because the Supreme Court's ruling on the interlocutory appeal could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and provide direction to this Court. Thus, the Court finds a stay of the entire matter pending the Supreme Court's decision could serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed pending resolution of Plaintiff's appeal currently before the Supreme Court. While this matter is stayed, motions will not be considered by the Court. Therefore, the parties are directed to refrain from filing motions with the Court until the stay is lifted.

The Clerk of Court is directed to terminate all pending noting dates. *See* Dkt. 7, 20, 22. When the stay is lifted, the Court will re-note the Amended Petition (Dkt. 7) and the pending Motion (Dkt. 20).

Dated this 25th day of November, 2019.

David W. Christel
United States Magistrate Judge