UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

    Petitioner,

v.

RON HAYNES,

    Respondent.

CASE NO. 3:19-cv-05394-RBL-JRC

ORDER ON MOTION TO RECUSE

This matter comes before the Court on petitioner's filing of a "Motion for Recusal of JRC from Case" in which he requests the undersigned recuse himself because undersigned is aiding and abetting criminal activity, unethical, unbiased, and venal. Dkt. 44. The undersigned finds no reason to recuse himself voluntarily and declines to do so. However, petitioner's motion is referred to the Chief Judge for a determination of its merits.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A

judge also shall disqualify himself where he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Local Rule LCR 3 additionally provides that:

**(f) Motions to Recuse**

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court. The undersigned has no personal bias or reason to be partial to one side or the other in this matter.

In addition, petitioner's request for recusal is not appropriate on the basis of the litigation that petitioner claims to be bringing in state court against a number of judges in this district, including the undersigned. *See* Dkt. 44. The undersigned has consulted the Judicial Conference's Guide to Judiciary Policy and finds that in fact, the Committee on Codes of Conduct has advised against recusal in such a situation:

> Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary. Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings.
> . . . .
> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge. . . .
> A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
> Although there might be some question regarding the impartiality of the judge in these situations, [Judicial] Canon 3C(1) requires that the basis for questioning a judge's impartiality must be "reasonable" for the judge to be required to recuse. The factors the judge should consider in making the reasonableness determination are identified above, i.e., the nature of the complaint, the applicable law, and other relevant circumstances. A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable

basis to question the judge's impartiality in unrelated cases filed against others by the same litigant.  Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse.

"Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge," *Guide to Judiciary Policy, Vol. 2B, Ch. 2*, at 187–89.[1]

In light of what appears to be an attempt by petitioner to have the undersigned disqualified from hearing petitioner's case in this Court by filing state court litigation claiming obstruction of justice, the undersigned concludes that the nature of the state court proceeding and all relevant circumstances counsel against recusal.

Accordingly, the undersigned finds no reason to recuse himself voluntarily and declines to do so.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.   However, petitioner's motion shall be referred to the Chief Judge for a determination of its merits.  LCR 3(e).  Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily.  Petitioner's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  No further motions shall be filed in this matter until the

---

[1] *Available at* https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies.

1 | stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be

2 | dismissed.  The Clerk of the Court shall send a copy of this Order to petitioner.

3 |       Dated this 25th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge