UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN GARRETT SMITH, | CASE NO. C19-5394 RBL-JRC |
| Petitioner, | ORDER AFFIRMING ORDER DENYING PETITIONER'S MOTION TO RECUSE |
| v. | |
| RON HAYNES, | |
| Respondent. | |

This matter is before the Court on Petitioner's Motion for Recusal of JRC[1] from Case. Dkt. #44. Petitioner is before the Court challenging his state court conviction pursuant to 28 U.S.C. § 2254. Dkt. #7. United States Magistrate Judge J. Richard Creatura was assigned to this case on May 5, 2020, after Petitioner's Amended § 2254 Petition had been fully briefed. Dkt. #41. Shortly thereafter, Judge Creatura issued a Report and Recommendation ("R&R") recommending that Petitioner's Amended § 2254 Petition be denied, that Petitioner be denied a certificate of appealability, and that all of Petitioner's pending motions be denied as moot. Dkt. #42. Petitioner filed objections to the R&R and his motion for recusal. Dkts. #43 and #44. Judge Creatura denied Petitioner's request for recusal, finding "no reasonable basis for [] voluntary recusal" and referred the matter to the Undersigned. Judge Creatura's Order is affirmed.

---

[1] "JRC" is presumably a reference to United States Magistrate Judge J. Richard Creatura.

ORDER – 1

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Petitioner does not raise any valid basis on which to question Judge Creature's impartiality. First, Petitioner's complaints are clearly related to Judge Creatura's recommendation that Petitioner's Amended § 2254 Petition be denied. *See* Dkt. #44 at 1 (Judge Creatura's "outrageous [R&R] is laced with lies, and so totally usurps the Court that it evinces the dangerous venality of JRC and/or complete incompetence"). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Petitioner's disagreement with the R&R does not serve as a basis for recusal.

Secondly, Petitioner points to the fact that he has initiated a state court action naming Judge Creatura "along with 20 other State of Washington citizens. (Since that time, other Defendants have been duly added, including Ronald B. Leighton, the district judge in my federal habeas case, a fact that evinces even more Obstruction of Justice by means of Conflict Interest that is as obvious as it is foolish)." Dkt. #44 at 2. Putting aside that Petitioner provides no explanation of the basis for his state court action or the facts surrounding it, Judge Creatura sets

ORDER – 2

forth at length the Judicial Conference's Committee on Codes of Conduct's recommendation against recusal in such a situation. Dkt. #46 at 3–4 (noting that automatic recusal would encourage manipulation of the judicial process and instead advising consideration of "the nature of the complaint, the applicable law, and other relevant circumstances") (quoting *Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge*, in 2B GUIDE TO JUDICIARY POLICY at 187–89).[2] Petitioner does not provide sufficient detail of his state court action on which to reasonably question bias.

Accordingly, for the reasons set forth above, Petitioner's Motion does not provide a reasonable basis for the appearance of bias and recusal is not warranted. Judge Creatura's Order on Motion to Recuse (Dkt. #46) is AFFIRMED.

DATED this 29th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *Available at*: https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf.

ORDER – 3